Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARIA RAMIREZ and LIGIA MAGALY RODRIGUEZ LEZAMA,

                *Plaintiffs*,

  -against-

TAQUERIA LA ROQUETA INC, HECTOR LLIGUICHUZHCA and LUIS HUMALA GUALLPA.

                *Defendants*.

--------------------------------------------------------X

Civil Action No.: 20-cv-5812

**COMPLAINT**

**JURY TRIAL DEMANDED**

MARIA RAMIREZ and LIGIA MAGALY RODRIGUEZ LEZAMA ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq. and as against HECTOR LLIGUICHUZHCA, LUIS HUMALA GUALLPA and TAQUERIA LA ROQUETA INC (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiffs are former employees of TAQUERIA LA ROQUETA INC at 226 Port Richmond Ave Staten Island, NY 10302 that was owned and operated by Defendants HECTOR LLIGUICHUZHCA, LUIS HUMALA GUALLPA and TAQUERIA LA ROQUETA INC

2. Defendants own, operate, and/or control the restaurant located at 226 Port Richmond Ave Staten Island, NY 10302 and a former location 185 Port Richman Ave, Staten Island, NY 10302.

3. Plaintiffs were employed by each and all of the Defendants.

1

4. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours they worked each week over 40 hours.

5. Further, Defendants failed to provide Plaintiffs with the proper wage notices and statements under the New York Labor Laws.

6. Plaintiffs now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

9. Plaintiff MARIA RAMIREZ ("Plaintiff RAMIREZ") is an adult individual residing in Richmond County, New York. Plaintiff RAMIREZ was employed by Defendants at the restaurant owned and operated by Defendants from approximately 2005 until June 2020.

10. Plaintiff LIGIA LEZAMA ("Plaintiff LEZAMA") is an adult individual residing in Richmond County, New York. Plaintiff LEZAMA was employed by Defendants at the

restaurant owned and operated by Defendants from approximately September 2018 until July 2020.

11. TAQUERIA LA ROQUETA INC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 226 Port Richmond Ave Staten Island, NY 10302.

12. Defendant HECTOR LLIGUICHUZHCA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant HECTOR LLIGUICHUZHCA is sued individually in his capacity as an owner, officer and/or agent of Defendant TAQUERIA LA ROQUETA INC ('Defendant Corporation').

13. Defendant HECTOR LLIGUICHUZHCA possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14. Defendant HECTOR LLIGUICHUZHCA determined the wages and compensation of the employees of Defendants, including Plaintiffs.

15. Defendant HECTOR LLIGUICHUZHCA hired Plaintiffs.

16. Defendant HECTOR LLIGUICHUZHCA established the schedule of the Plaintiffs and other employees.

17. Defendant HECTOR LLIGUICHUZHCA maintained employee records.

18. Defendant HECTOR LLIGUICHUZHCA had the authority to hire and fire Plaintiffs

19. Defendant HECTOR LLIGUICHUZHCA disciplined Plaintiffs

20. Defendant HECTOR LLIGUICHUZHCA assigned Plaintiffs work tasks.

21. Defendant HECTOR LLIGUICHUZHCA issued Plaintiffs' pay.

22. Defendant HECTOR LLIGUICHUZHCA fielded Plaintiffs' complaints about work and pay.

23. Defendant LUIS HUMALA GUALLPA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant LUIS HUMALA GUALLPA is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

24. Defendant LUIS HUMALA GUALLPA possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

25. Defendant LUIS HUMALA GUALLPA had the authority to hire and fire Plaintiffs.

26. Defendant LUIS HUMALA GUALLPA set and altered Plaintiffs' schedules.

27. Defendant LUIS HUMALA GUALLPA assigned work tasks to Plaintiffs.

28. Defendant LUIS HUMALA GUALLPA disciplined and admonished Plaintiffs about their work performance.

29. Defendant LUIS HUMALA GUALLPA fielded questions about work and pay from the Plaintiffs.

30. Defendant LUIS HUMALA GUALLPA and Defendant HECTOR LLIGUICHUZHCA each represented to Plaintiffs that they were both owners.

31. Defendant HECTOR LLIGUICHUZHCA discharged Plaintiffs.

32. Defendants are associated and joint employers, act in the interest of each other with respect to the restaurant located at 226 Port Richmond Ave Staten Island, NY 10302.

33. Defendants share common operations, common promotional materials and acted jointly in the operation of the restaurant located at 226 Port Richmond Ave Staten Island, NY 10302.

34. Each Defendant possessed substantial control over Plaintiffs' working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

35. Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

36. In the alternative, Defendants constitute a single employer of Plaintiffs.

37. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

38. Defendants are each experienced restaurant and business owners in New York City and have knowledge, and/or should have knowledge, of the labor laws.

39. Upon information and belief, in each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

40. Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiffs and Defendants' employees handled and purchased for the business cleaning items, foods and ingredients, cookware and other tools that originated out of state.

41. Plaintiffs were individually engaged in commerce by virtue of their role interacting with interstate businesses.

42. Defendants regularly employed more than 11 people throughout each year during the relevant time period.

*Plaintiff MARIA RAMIREZ*

43. Throughout her employment with defendants, Plaintiffs RAMIREZ was employed as a cook and general laborer at the restaurant located at 226 Port Richmond Ave Staten Island, NY 10302.

44. Plaintiff RAMIREZ regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

45. Plaintiff RAMIREZ' work was supervised and her duties required neither discretion nor independent judgment.

46. Plaintiff RAMIREZ regularly worked in excess of 40 hours per week.

47. From 2014 until around 2018 from Plaintiff RAMIREZ worked at the following approximate and typical schedule:

   a. Monday: 10:00 A.M. until 10:00 A.M.

   b. Tuesday: Typical Day Off

   c. Wednesday: 10:00 A.M. until 10:00 P.M.

   d. Thursday: 10:00 A.M. until 10:00 P.M.

   e. Friday: 10:00 A.M. until 10:00 P.M.

   f. Saturday: 10:00 A.M. until 10:00 P.M.

   g. Sunday: 10:00 A.M. until 10:00 P.M.

48. From 2018 until March 2020, Plaintiff RAMIREZ worked at the following approximate and typical schedule:

   a. Monday: 4:00 P.M. until 4:00 A.M.

   b. Tuesday: Typical Day Off

      c.   Wednesday: 4:00 P.M. until 4:00 A.M

      d.   Thursday: 4:00 P.M. until 4:00 A.M.

      e.   Friday: 4:00 P.M. until 4:00 A.M

      f.   Saturday: 4:00 P.M. until 4:00 A.M

      g.   Sunday: 4:00 P.M. until 4:00 A.M

49. After March 2020, Plaintiff typically worked the above schedule but started at 11:00 A.M.

50. Defendants paid Plaintiff RAMIREZ a weekly salary during her employ of $400 with no premium for overtime hours.

51. Such failure to pay the proper minimum wages and overtime premiums was willful.

52. Defendants permitted Plaintiff RAMIREZ infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to the kitchen.

53. No proper notification was given to Plaintiff RAMIREZ regarding overtime and wages under the FLSA and NYLL for each year she worked or change in rate of pay.

54. Defendants never provided Plaintiff RAMIREZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

55. Defendants failed to provided Plaintiff RAMIREZ all of the proper and complete notices in English and in Spanish (Plaintiff RAMIREZ' primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year she worked or each change in rate of pay.

*Plaintiff LIGIA LEZAMA*

56. Throughout her employment with defendants, Plaintiff LEZAMA was employed as a waitress and general laborer at the restaurant located at 226 Port Richmond Ave Staten Island, NY 10302.

57. Plaintiff LEZAMA regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

58. Plaintiff LEZAMA'S work was supervised and her duties required neither discretion nor independent judgment.

59. Plaintiff LEZAMA regularly worked in excess of 40 hours per week.

60. Plaintiff LEZAMA worked at the following approximate and typical schedule:

   a. Monday: 7:00 P.M. until between 1:00 A.M. and 4:00 A.M.

   b. Tuesday: Typical Day Off

   c. Wednesday: 7:00 P.M. until between 1:00 A.M. and 4:00 A.M.

   d. Thursday: 7:00 P.M. until between 1:00 A.M. and 4:00 A.M.

   e. Friday: 7:00 P.M. until between 1:00 A.M. and 4:00 A.M.

   f. Saturday: 7:00 P.M. until between 1:00 A.M. and 4:00 A.M.

   g. Sunday: 7:00 P.M. until between 1:00 A.M. and 4:00 A.M.

There were various times per month when Plaintiff LEZAMA was asked to work doubles from 12:00 P.M. until between 1:00 A.M. and 4:00 A.M. along with an occasional shorter shift between 12:00 P.M and 7:00 P.M.

61. Plaintiff did not work for approximately three months during the COVID-19 pandemic.

62. Defendants paid Plaintiff LEZAMA a fixed rate of $40 per shift with no premium for overtime hours.

63. Such failure to pay minimum wages or overtime premiums was willful throughout her employ with the Defendants.

64. Defendants permitted Plaintiff LEZAMA infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to work.

65. No proper notification was given to Plaintiff LEZAMA regarding overtime and wages under the FLSA and NYLL for each year she worked or change in rate of pay.

66. Defendants never provided Plaintiff LEZAMA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

67. Defendants failed to provided Plaintiff LEZAMA all of the proper and complete notices in English and in Spanish (Plaintiff LEZAMA'S primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year she worked or each change in rate of pay.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

69. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

70. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

74. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Plaintiffs were individually engaged in interstate commerce.

77. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

82. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

86. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

87. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

88. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

89. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs'

spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

91. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

92. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

97. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum

wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

(j) Enjoining Defendants from future violations of the NYLL;

(k) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria New York
December 1st, 2020

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*